UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DB STRUCTURED PRODUCTS, INC.,   Docket No. 07 Civ 4109

                    Plaintiff,

    against   **ANSWER**

BALTIMORE AMERICAN MORTGAGE
CORPORATION, INC.

                    Defendant.

Defendant, for its answer to the complaint, states as follows:

1. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraphs 5, 6, 7.

2. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraphs 8 and 9.

3. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraphs 11 and 12.

4. The plaintiff failed to timely notify the defendant of the referenced alleged early payment or early delinquency defaults as set forth in paragraph 13.

5. Denies the allegations contained in paragraph 14.

6. Denies the allegations contained in the first sentence of paragraph 16 with

1

respect to the timeliness of the notifications made by the plaintiff. Defendant denies the balance of paragraph 16.

7. Denies the allegations contained in paragraph 14.

8. Denies sufficient information to form a belief as to the allegations set forth in paragraph 18.

9. Denies the allegations contained in paragraph 19.

10. Denies the allegations contained in paragraph 20.

11. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraphs 21 and 22.

12. Denies the allegations contained in paragraph 23.

13. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraphs 24, 25, and 26.

14. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraph 28.

15. Denies the allegations contained in paragraph 30 and affirmatively states that any such refusal and/or failure to repurchase the Early Payment Default Loans was justified by the failure of the plaintiff in complying with its obligation, including, but not limited to, its obligation to timely notify the defendant so as to avoid and mitigate any alleged damages, the failure of the plaintiff in contacting the relevant mortgagors and

attempting to effectuate a work-out, and the failure of the plaintiff in monitoring the relevant mortgagors' status.

16. Denies the allegations contained in paragraph 31.

17. Denies the allegations contained in paragraphs 34 and 35.

18. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraph 37.

19. Denies the allegations contained in paragraphs 38 and 39.

20. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect with respect to the allegations contained in paragraph 41.

21. Denies the allegations contained in paragraph 43.

22. Denies sufficient information to form a belief as to the allegations set forth in paragraphs 44, 45, and 46.

23. Respectfully refers the Court to the full agreement between the parties for its terms, conditions, and legal effect and relevant principles of law with respect to the allegations contained in paragraph 47.

24. Denies the allegations contained in paragraph 48.

**AS A FIRST AFFIRMATIVE DEFENSE**

25. States that plaintiff failed to timely notify the defendant of alleged early delinquency defaults or Loans subject to Early Delinquency Repurchase.

26. States that plaintiff's failure to timely notify the defendant of alleged early

delinquency defaults or Loans subject to Early Delinquency Repurchase prevented the defendant from contacting the relevant mortgagors and attempting to prevent the said defaults or Loans subject to Early Delinquency Repurchase by effectuating appropriate work-out plans with the said mortgagors.

### AS A SECOND AFFIRMATIVE DEFENSE

27.   States that, if particular mortgages were in default, the plaintiff otherwise permitted the mortgagors to default by failing to adequately monitor the mortgagors' status and by failing to take reasonable and prudent measures that would prevent such mortgagors from defaulting.

### AS A THIRD AFFIRMATIVE DEFENSE

28.   States that, if plaintiff is complaining about Loans subject to Early Delinquency Repurchase, the plaintiff has exercised its discretion unreasonably and in an arbitrary manner to the detriment of the defendant in its determination as to whether one or more loans were actually subject to Early Delinquency.

### AS A FOURTH AFFIRMATIVE DEFENSE

29.   States that, if plaintiff is complaining about or Loans subject to Early Delinquency Repurchase, one or more of said loans were not in default but were otherwise in substantial compliance.

### AS A FIFTH AFFIRMATIVE DEFENSE

30.   States that the plaintiff has failed to properly tender the alleged Loan which is

required to be repurchased by the defendant.

### AS A SIXTH AFFIRMATIVE DEFENSE

31. States that, to the extent that the Complaint refers to "early payment" default or "early delinquency defaults", said terms are not synonymous and, therefore, result in different any remedies, if any, which may be had by plaintiff against defendant.

### AS A SEVENTH AFFIRMATIVE DEFENSE

32. States that any alleged claims for damages for which the plaintiff seeks indemnification has resulted from the plaintiff's own improper and unreasonable actions.

### AS AN EIGHTH AFFIRMATIVE DEFENSE

33. States that, with respect to plaintiff's claim for indemnification under Section 5 of the Purchase Agreement, said provision fails to require the defendant to incur any liability or undertake any action whatsoever.

### AS A NINTH AFFIRMATIVE DEFENSE

34. States that, with respect to plaintiff's claim for indemnification under the Seller Guide, the alleged breach of representations and warranties in Section 9 of the Purchase Agreement and the Seller Guide are not an Event of Seller Default as provided for in the Indemnification provision of the Seller Guide. Specifically, there is no allegation in the Complaint that the defendant has committed an Event of Seller Default for which

indemnification is required to be had under the Seller Guide.

WHEREFORE, defendant requests that the Complaint be dismissed and for such other and further relief as to the Court seems just.

Dated:  Fishkill, New York
        July 16, 2007

_____
WARREN WYNSHAW, ESQ.
(WW-3122)
Warren Wynshaw, P. C.
2 Summit Court, #302
Fishkill, New York 12524
845-896-3100
        Attorney for Defendant