```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DB STRUCTURED PRODUCTS, INC.,             :
                    Plaintiff,            :
                                          :
            -v-                           :    07 Civ. 4109 (DLC)
                                          :
BALTIMORE AMERICAN MORTGAGE               :    MEMORANDUM OPINION
CORPORATION, INC.,                        :         & ORDER
                    Defendant.            :
------------------------------------------X
```

Appearances:

For Plaintiff:

Brendan E. Zahner
John P. Doherty
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 100201

DENISE COTE, District Judge:

On April 11, 2008, the Court entered a default judgment in favor of the plaintiff DB Structured Products, Inc. ("DB") because no attorney had filed a notice of appearance on behalf of the defendant by the deadline specified in the Court's March 13, 2008 Order. The Court referred the matter to Magistrate Judge Kevin Fox for an inquest and Report and Recommendation ("Report") as to damages. On January 23, 2009, Judge Fox issued his Report. DB filed objections to the Report on February 9, 2009. For the following reasons, the Report's recommendations are rejected, and judgment is entered against defendant

Baltimore American Mortgage Corporation, Inc. ("BAMC") for the full amount of compensatory damages DB requested.

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The court must make a de novo determination of the portions of the report to which plaintiff objects.  28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

The factual background and procedural history of this action are outlined in the Report and summarized here.  In sum, DB and BAMC entered into a Seller Loan Purchase Agreement ("Purchase Agreement") pursuant to which BAMC would offer to sell and DB agreed to purchase certain residential mortgage loans ("Mortgage Loans") in accordance with the terms of the Purchase Agreement and the Deutsche Bank Correspondents Lending Seller Guide (the "Seller Guide") that was incorporated by reference into the Purchase Agreement.  The Purchase Agreement and Seller Guide provide that BAMC agreed to repurchase any Mortgage Loan that was in early payment default ("EPD").

Fifteen Mortgage Loans that DB purchased from BAMC entered into EPD, and on May 3, 2007, DB issued a demand letter stating that under the Purchase Agreement, BAMC was obligated to repurchase the specified loans.  BAMC has failed to repurchase

2

the loans.  On April 11, 2008, this Court granted a default judgment to DB, and referred the issue of damages to the Magistrate Judge for an inquest.

The Report found that because one of the declarations submitted by the plaintiff to support its claim for damages was not dated, as required by 28 U.S.C. § 1746, the record was barren of competent evidence to determine what amount above nominal damages plaintiff was entitled to, and thus it recommended granting $1 in nominal damages to plaintiff for compensatory damages.  Plaintiff objects to this recommendation on two grounds: 1) that the Report erred in finding that there was no other competent evidence in the record supporting plaintiff's request for damages, and 2) that even if the undated declaration was necessary to support plaintiff's request for damages, the Report erred in simply disregarding the declaration without allowing for the submission of a corrected document or holding a hearing to address concerns regarding the declaration.

Reviewing the record de novo, the Court agrees that there was other competent evidence in the record to support plaintiff's requested damages amount.  The Sellers Guide at page 1-32 explains how the repurchase price of the EPD loans is calculated, and Exhibit C to the Declaration of Brendan Zahner provides a schedule for each of the 15 loans showing the outstanding principal balance due, the accrued interest, and

other information leading to the total repurchase price for each loan. The total repurchase price for all 15 EPD loans is $1,991,036.86 (that includes unpaid principal, accrued and unpaid interest as of May 21, 2008, and the premium paid for the loans). This evidence was sufficient to support the requested damages award, and therefore the recommendation of only awarding $1 in nominal damages is rejected, and plaintiff shall be awarded compensatory damages in the amount of $1,991,036.86.[1]

This Court also rejects the Report's conclusions as to the appropriate interest rate to use and appropriate attorney's fees. The Report found that DB had not directed the Court to any provision of the Purchase Agreement or Seller Guide that provided for a method of calculating interest and that therefore the default 9% statutory rate applied, but the spreadsheet at Exhibit C sets forth the per diem rates of interests for the EPD loans, which totals $434.70 per diem for the 15 loans.

---

[1] In addition, plaintiff has now submitted a dated version of the Declaration of James D. Campbell (the declaration that was previously undated and therefore not considered by the Magistrate Judge) which refers to Exhibit C of the Zahner Declaration and confirms that the amount of damages due under the Purchase Agreement and Seller Guide as of May 21, 2008 was $1,991,036.86. Given that the date of the declaration was immaterial to the contents of the document, this Court will allow the submission of the corrected declaration and will consider it as additional evidence supporting plaintiff's requested damages amount. See, e.g., Cuoco v. Hershberger, No. 93 Civ. 2806(AGS), 1996 WL 648963, at *3 (S.D.N.Y. Nov. 6, 1996) (after notifying defendants' counsel of technical deficiency in that their declarations were undated, court allowed submission of new appropriately dated declarations as evidence).

Additionally, the Court does not find the billing statement entries in DB's attorney's fees submissions so vague as to support a 20% reduction in the requested fees, and the full $39,129.49 in attorney's fees requested is granted.

CONCLUSION

The Clerk of Court shall enter judgment against BAMC for the principal sum of $1,970,610.47 (the unpaid principal and accrued interest as of May 21, 2008), together with interest in the amount of $434.70 per diem from May 22, 2008 to April 7, 2009, plus the total premium recap price of $20,426.39 and attorney's fees and costs in the amount of $39,129.49. Within thirty days following payment in full of the amount awarded by this judgment, DB shall return to BAMC the Mortgage Loans as set forth in the Purchase Agreement. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         April 7, 2009

                                    _____
                                         DENISE COTE
                                    United States District Judge

5